# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**LAMAR HUNT TRUST ESTATE**     **CASE NO. 6:18-CV-00654**

**VERSUS**     **UNASSIGNED DISTRICT JUDGE**

**H H E ENERGY CO ET AL**     **MAGISTRATE JUDGE WHITEHURST**

## ORDER

Before the undersigned is Defendants, HHE Energy Co. ("HHE") and XH, LLC's ("XH") and Wagner Oil Company's ("Wagner") (collectively referred to as "Defendants"), Objections To, And Motion For Reconsideration Of The Magistrate Judge's Ruling On Defendants' Motion To Compel Joinder [Rec. Doc. 38] and Plaintiff, Lamar Hunt Trust Estate's ("LHTE"), Motion To Strike Defendants' Motion For Reconsideration [Rec. Doc. 44], alternatively, Opposition to Defendants' Motion For Reconsideration [Rec. Doc. 45]. For the reasons that follow, the Motion For Reconsideration will be DENIED and Plaintiff's Motion To Strike will be DENIED AS MOOT.

The record provides that Defendants/Assignors entered into an Assignment of Record Title Interest in Federal OCS Oil and Gas Lease and an Assignment and Bill of Sale with Conn Energy, Inc. ("Conn Energy") and LHTE (collectively referred to as "Assignees"), whereby Assignors assigned to Assignees all of their undivided

interest in and to the West Cameron Block 171, effective October 4, 2010. As a result of the Assignment, Conn Energy became a 99.79580% owner and LHTE became a 0.2042% owner of the Assets. The parties conditioned the effectiveness of the Assignment upon receiving approval by the Bureau of Ocean Energy, Management, Regulation, and Enforcement ("BOEMRE"). Although the Assignment was submitted to BOEMRE for approval, BOEMRE did not give its approval of the Proposed Assignment. Plaintiff filed this action against Defendants seeking a declaration that because the Assignment was never approved by the BOEMRE, it is void and without effect, and the rights and obligations of the Parties vis-à-vis the Assets remain as if the Assignment never existed. Plaintiff alleged that its claim against Defendants/Assignors are in connection with "the decommissioning and abandonment of platforms, pipelines, wells and related appurtenances" involving the Assets. *R. 1, ¶5.*

On July 13, 2018, Defendants/Assignors filed the motion to compel joinder of Conn Energy at issue in the instant motion. They contended that as an Assignee and 99.79580% owner of the Assets, Conn Energy must be joined as a necessary party in order to effect any invalidation of the Assignment. Defendants/Assignors specifically contended that the absence of Conn Energy would potentially expose them to a later identical lawsuit by Conn Energy.

LHTE opposed the motion stating that mandatory joinder of Conn Energy was not necessary because Conn Energy's corporate charter was terminated effective September 22, 2017 and only the receiver or liquidator appointed for the corporation is the proper plaintiff to sue to enforce a right of the corporation. Because a receiver or liquidator was never appointed for Conn Energy, it cannot be joined and the case should proceed without it.

The Court disagreed with LHTE finding that if LHTE prevailed in voiding the Assignment, Conn Energy's ownership interest would be adversely affected as it would decrease from approximately 99% to approximately 75%. On the other hand if LHTE did not prevail in voiding the Assignment, Conn Energy would be responsible for its 99% of the maintenance and monitoring costs associated with the Assets. The Court concluded that Conn Energy's absence would potentially expose Defendants to another identical lawsuit and therefore, it was necessary that a liquidator be appointed for Conn Energy.

In determining that a liquidator be appointed, the Court was required to consider the choice and payment of the liquidator. The Court turned to La. R.S. § 12:1-1445, which specifically addresses the appointment of a liquidator for a terminated corporation and states that "<u>the appointment of the liquidator under this Section shall be paid by the party seeking the appointment, subject to reimbursement from any undistributed assets of the corporation or the proceeds of their disposition</u>."

The Court held that because Defendants/Assignors filed the motion requiring the joinder of Conn Energy, and hence, the appointment of a liquidator, Defendants/Assignors should be allowed the opportunity to choose the liquidator the statute required them to pay for.[1]

Defendants filed a Motion To Reconsider moving this Court to reconsider its order that Defendants pay for the liquidator. *R. 38.* LHTE filed a Motion to Strike Defendants' Motion, *R. 44*, and alternatively, an Opposition to Defendants' Motion. *R. 45*. A motion seeking "reconsideration" such as the instant motion may be construed under Federal Rule of Civil Procedure 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). As stated in LHTE's Opposition, "Defendants make none of these showings … [they] offer no new evidence, identify no intervening change in the law, and fail to allege anything beyond mere disagreement with the magistrate's findings in support of their request. Indeed, the Motion is nothing more than a rehashing of an argument previously made by Defendants." *R. 45*.

---

[1] The Court further notes that this lawsuit was filed because of the breach and/or failure of a suspensive condition in Defendants/Assignors' contract of assignment with LHTE and Conn Energy. Also, Conn Energy was found to be a feasible party based on Defendants/Assignors' argument that they would suffer another lawsuit it Conn Energy was not joined.

4

The Court agrees. In their motion, Defendants continue to argue that LHTE should pay for the liquidator. They contend that as the plaintiff who filed this lawsuit, LHTE will ultimately be required to amend its complaint to add Conn Energy as a plaintiff or defendant and therefore should also be required to appoint and pay all expenses of retaining a liquidator. Citing six (6) cases,[2] they state that the jurisprudence is "well settled" that LHTE should select and cover all costs and expenses of a liquidator in this case. The Court has reviewed each of the cases cited by Defendants. While each case orders that the plaintiff amend its complaint to join the necessary party, there is nothing in the cases even mentioning the appointment of a receiver or liquidator, much less the payment of a receiver or liquidator. Moreover, the Court finds that if, in a case such as this one, the statute is interpreted as Defendants argue—that the plaintiff who filed the lawsuit and must amend the complaint to add the necessary party must also pay for the liquidator—then **the plaintiff will always be required to pay for the liquidator** as only the plaintiff can amend its complaint and add the party requiring a liquidator. Such an interpretation would render the statute meaningless. *See McLane S., Inc. v. Bridges*, 84 So.3d 479,

---

[2] *Barfield v. Hunt Petroleum Corp.*, 2009 WL 3171292, at *1 (W.D. La. Sept. 30, 2009) (ordering that the plaintiff's failure to join the necessary parties within thirty days would result in dismissal of the action.); Conerly Corp. v. Regions Bank, 668 F.Supp.2d 816, 831 (E.D. La. 2009); *Hockerson-Halberstadt, Inc. v. New Balance Athletic Shoe, Inc.,* 2009 WL 10679734, at *3 (E.D. La. June 4, 2009); *Hockerson-Halberstadt, Inc. v. Nike, Inc.*, 779 F.Supp. 49, 54 (E.D. La. 1991); *Morse v. Bank One*, 2003 WL 23095588, at *2 (E.D. La. Dec. 23, 2003); *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 47-48 (5th Cir. 1972); *Ellias v. Ellias*, 94-1049, p. 6 (La. App. 3 Cir. 3/1/95); 651 So.2d 939, 942, writ denied, 95-0832 (La. 5/5/95); 654 So.2d 333.

483 (La. 1/24/12) (Courts should give effect to all parts of a statute and, if possible, should not give a statute an interpretation that makes any part superfluous or meaningless.).

Accordingly,

**IT IS ORDERED** that Defendants, HHE Energy Co. and XH, LLC's and Wagner Oil Company's Objections To, And Motion For Reconsideration Of The Magistrate Judge's Ruling On Defendants' Motion To Compel Joinder [Rec. Doc. 38] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff, LHTE's, Motion To Strike is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** this 30th day of October, 2018 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE