UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LHTE Trust Estate** | **Case No. 6:18-cv-00654** |
| **versus** | **Judge Michael J Juneau** |
| **H H E Energy Co et al** | **Magistrate Judge Whitehurst** |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the District Judge, is a Motion to Dismiss the Counterclaims Asserted by HHE Energy Company ("HHE") and XH LLC (XH") ("HHE/XH") filed by Plaintiff, Lamar Hunt Trust Estate ("LHTE"), [Rec. Doc. 56], Defendants, HHE/XH's Memorandum in Opposition [Rec. Doc. 63] and LHTE's Reply thereto [Rec. Doc. 70]; as well as a Motion to Dismiss the Counterclaims Asserted by Wagner Oil Company ("Wagner") filed by Plaintiff, LHTE, [Rec. Doc. 57], Defendant, Wagner's Memorandum in Opposition [Rec. Doc. [64] and LHTE's Reply thereto [Rec. Doc. 71]. For the reasons that follow, the Court will recommend that the Motions to Dismiss HHE/XH's Counterclaims and Wagner's Counterclaims be granted in part and denied in part.

### I.   BACKGROUND

Plaintiff's complaint for declaratory relief alleges that on or about January 1, 1971, the United States Government granted the federal offshore lease bearing serial

number OCS-G 1997 (the "Lease"), located in the West Cameron Block 171, to various parties. The parties entered into a Joint Operating Agreement ("JOA") which related to operations within the Lease. *R. 1, ¶ 6.* Pursuant to various transactions over the years, HHE/XH, Wagner and LHTE and Conn Energy, Inc. ("Conn Energy") gained ownership of certain undivided rights, titles, and interests in and to the lease as well as in certain wells, platforms, pipelines, related appurtenances and contracts associated therewith ("Assets"). *Id. at ¶ 8.*

HHE/XH, and Wagner ("Assignors") entered into an Assignment of Record Title Interest in Federal OCS Oil and Gas Lease and an Assignment and Bill of Sale ("Assignment") with Conn Energy and LHTE ("Assignees"), whereby Assignors assigned to Assignees all of their undivided interest in and to the West Cameron Block 171, effective October 4, 2010. *Id. at ¶ 9.* As a result of the Assignment, Conn Energy became a 99.79580% owner and LHTE became a 0.2042% owner of the Assets. *Id.* The parties specifically conditioned the effectiveness of the Assignment upon receiving approval by the Bureau of Ocean Energy, Management, Regulation, and Enforcement ("BOEMRE"). *Id. at ¶ 10.* Plaintiff alleges that although the Assignment was submitted to BOEMRE for approval on March 1, 2011. *R. 57-2.* BOEMRE returned the submission unapproved on April 1, 2011. *R. 57-3; R. 1 at ¶ 13.*

Plaintiff filed this action against HHE/XH and Wagner seeking a declaration that the Assignment was never approved by the BOEMRE, the Assignment is void and without effect, and the rights and obligations of the Parties vis-à-vis the Assets remain as if the Assignment never existed. *Id. at ¶¶ 16-19.* In response, HHE/XH and Wagner (collectively referred to as "Defendants") filed counterclaims against LHTE, *R. 52, 53*, each asserting a claim for declaratory judgment that the Assignment is legally effective despite that it was not approved by BOEMRE. Alternatively, in the event the Court deems the Assignment invalid, Defendants also assert claims for detrimental reliance and breach of contract, and HHE/XH also alleges a claim for bad faith breach of contract.[1]

## II.   THE PARTIES CONTENTIONS

As to the Counterclaims for declaratory judgment, LHTE asserts in both motions to dismiss that HHE/XH and Wagner's Counterclaims for declaratory relief should be dismissed because approval by BOEMRE is required for any assignment to be effective under the Outer Continental Shelf Lands Act ("OSCLA"), 43 U.S.C. § 1337(e). As to Defendants' alternative claim for detrimental reliance, LHTE contends that neither HHE/XH nor Wagner can establish reasonable reliance against LHTE because the Assignment was not final since regulatory approval was never

---

[1] LHTE contends that HHE and XH also filed a claim for negligence against it. *R. 56-1*. In its Opposition to LHTE's motion to dismiss HHE and XH dispute that they plead a cause of action for negligence. *R. 63, p. 8.* As HHE/XH represent that there is no claim for negligence, the Court need not consider HHE and XH's opposition in that regard as it is moot. However, the Court will order that the language indicating/suggesting a negligence claim be amended.

given. Finally, LHTE contends the alternative claim for bad faith breach of contract should be dismissed because HHE/XH failed to allege facts sufficient to demonstrate actionable contractual bad faith against LHTE.

Defendants[2] submit that the allegations in their Counterclaims are sufficient to state each of the claims referenced in LHTE's motion, as set forth in the foregoing. In the event the Court finds dismissal is warranted, in lieu of dismissal, HHE/XH requests that the Court allow it to amend its "bad faith claim," *R. 63, p. 8*, and Wagner requests generally, that the Court allow it to "amend its Counterclaim." *R. 64, p. 5.*

The Court will address the issues raised in LHTE's motions to dismiss as follows.

### III. LAW AND ANALYSIS

#### A. *Rule 12(b)(6) Standard*

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

---

[2] Wagner states that it adopts HHE/XH's arguments in opposition to LHTE as to detrimental reliance and breach of contract.

facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir.2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id*. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir.2007).

## B. Discussion

### 1. HHE/XH and Wagner's Counterclaims for Declaratory Relief

For the first Counterclaim, Defendants seek a declaration that the Assignment is effective and valid between the parties irrespective of whether BOEMRE

approved the Assignment. LHTE moves the Court to dismiss the Counterclaim because the Assignment is invalid without BOEMRE's approval.

In both LHTE's Complaint and Defendants' Counterclaims, claims for declaratory relief are brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Act states, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants .... the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995). In other words, the Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201. *Id.* (noting that the Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant.").

If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. *See Pan–Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980) (affirming refusal to allow leave to add claims that were adequately raised in the original complaint). The Court applies federal law to the question

6

whether the Court should exercise its discretion to dismiss Defendants' declaratory-judgment counterclaim as redundant. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 199 (2014) (operation of federal Declaratory Judgment Act is procedural). Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit. *See, e.g., See, Siboney Contracting Co. v. Berkley Insurance Co.,* 2018 WL 1123624, at *3 (E.D.La., 2018); *Burlington Ins. Co. v. Ranger Specialized Glass, Inc*., 2012 WL 6569774, at *3 (S.D.Tex.,2012) (dismissing counterclaim for declaratory relief where it duplicated Plaintiff's declaratory claim); *Xtria LLC v. Tracking Sys., Inc*., 2007 WL 1791252, at *3 (N.D.Tex. Jun.21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, 2006 WL 3691003, at *17 (N.D.Tex. Dec.14, 2006) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Kougl v. Xspediou Mgmt. Co*., 2005 WL 1421446, at * 4 (N.D.Tex. Jun.1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit because "[s]eparate declaratory judgment actions would be redundant.").

It appears that Defendants' counterclaims for declaratory relief (the Assignment is valid regardless of BOEMRE's approval) are a mirror image of the

declaratory relief sought in the Complaint (the Assignment is void and without effect without BOEMRE's approval). Separate declaratory judgment actions would be redundant. *See Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*, 2002 WL 257573, at *11 (N.D.Tex.2002) (dismissing declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).

Because the substantive claims at issue require resolution of the same issues that LHTE seeks to establish through a declaratory judgment, a separate declaration is not necessary. Because LHTE has made no argument that the counterclaim for declaratory judgment is redundant, rather than exercise its "unique" and "substantial" discretion[3] to dismiss Defendants' Counterclaims at this early stage the Court will grant Wagner's request to amend. 6 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1406, at 30–31 (3d ed. 1999) (rather than denying as redundant a declaratory judgment claim, the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action).

**2. Counterclaims for Estoppel/Detrimental Reliance**

Louisiana Civil Code article 1967 provides, in part, that "[a] party may be obligated by a promise when he knew or should have known that the promise would

---

[3] *Wilton v. Seven Falls Co.*, 515 U.S. 286-87.

8

induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code art. 1967. "Detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). Detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties."

"[T]he basis of detrimental reliance is 'the idea that a person should not harm another person by making promises that he will not keep.' " *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005). "Thus, the focus of analysis of a detrimental reliance claim is ... whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." *Id*. It is not necessary for a plaintiff to establish the existence of an enforceable contract to recover for detrimental reliance. *Rogers v. Brooks*, 122 Fed. Appx. 729, 732 (5th Cir. 2004). However, reliance on an alleged promise is unreasonable when the parties entered into a written agreement, and the proposed terms of the written agreement were not mutually agreeable. *Id*. at 733.

In its motion, LHTE contends that Defendants failed to plead facts that support the second element of their estoppel claim—that their reliance was

9

reasonable. They also contend that Wagner makes no allegation whatsoever that it made any change in its position, much less to its detriment, based on its belief as to the legal effectiveness of the Assignment—the third element of the claim.

HHE/XH alleges that it reasonably relied on LHTE's payments for maintenance and monitoring costs of the Assets—which lead it to believe "that there was a contractually effective transfer of ownership interest." *R. 63, p. 7*. Specifically, HHE/XH alleges that even though it knew the Assignment had not received regulatory approval, because LHTE made payments towards maintaining and monitoring the Asset in the amount of LHTE's post-2010 Assignment ownership interest, HHE/XH believed that LHTE considered the Assignment valid. *R. 52, ¶¶ 43, 44*. HHE/XH represents that its Counterclaim for detrimental reliance is not that LHTE's payment of the costs at issue *is evidence* that the Assignment *has been approved by the government*, but rather that it is entitled to recover damages under the doctrine in the event the Court deems the Assignment invalid. *R. 52, 53, ¶ 35; R. 63, p. 6*.[4]

LHTE contends that Wagner's allegations against it fail to establish the second as well as the third element of its detrimental reliance claim. Wagner alleges that it was reasonable in relying on the terms of the JOA and the Assignment that

---

[4] In its Reply, LHTE continued to assert that HHE/HX's knowledge that regulatory approval had not been received should defeat its argument that it reasonably relied on LHTE. *R. 70*.

10

required LHTE to file the Assignment for approval with the BOEMRE. *R. 33*. Wagner concedes that because it "assigned its interest in the lease in 2010, it is not aware of the amount of production or revenues received by LHTE from 2010 through 2017." Presumably based on Wagner's assignment of its interest, it cannot include the allegations of HHE/XH which address "the direct and proximate result of HHE/XH's reliance upon LHTE's representations." *R. 52, ¶¶ 43-45*.

Wagner's allegation as to reasonableness is merely a restatement of the first element of the claim, that a representation was made. Additionally, Wagner's allegations do not address the third element of its claim for detrimental reliance—that it relied to its detriment on the terms of the JOA and the Assignment that required LHTE to file the Assignment for approval with the BOEMRE.

Considering the allegations in HHE/XH's Counterclaims as true, which it must under Rule 12(b)(6), the Court finds that HHE/XH has stated a plausible claim for detrimental reliance. As to Wagner, however, the Court finds that the lack of allegations as to whether Wagner was reasonable in relying on LHTE's requirements under the contracts and how Wagner suffered a detrimental change in position based on its reliance on those requirements, fails to establish a plausible detrimental reliance claim.

### C. Breach of Contract and Bad Faith Breach of Contract

Under Louisiana law "a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. Civ. Code art. 1906. An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance. La. C.C. art. 1994. Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived. La. C.C. art. 1995.

Defendants' Counterclaims allege that LHTE failed to perform its obligations under the JOA and Assignment and breached its obligations by failing to obtain approval from BOEMRE. *R. 52 ¶ 32; 53, ¶ 27*. In particular, they allege that LHTE "failed to perform conditions precedent." Defendants specifically allege two "examples" in which LHTE failed to perform its obligations: (1) failing to file a fully executed Assignment and Bill of Sale with the BOEMRE for approval; and (2) failing to supply [Defendants] with evidence of such filing and approval. *R. 52 ¶ 31; R. 53 ¶26.*

Although Defendants have not included the exact terms of the JOA and Assignment, they have articulated the obligations allegedly owed by LTHE, and the way in which LTHE breached those obligations. Defendants have therefore provided "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' "

12

as to their Breach of Contract claim. *Iqbal*, 556 U.S. at 678; cf. 2002 *JBO Trust No. 1 v. Royal Bank of Can.*, 2013 WL 871537, at *9 (E.D. La. Mar. 8, 2013) (dismissing breach of contract allegation when plaintiff failed to plead "facts that would allow the [c]ourt to assess the obligations imposed on defendants by the contract and to determine whether" the defendants breached the contract terms).

But HHE/XH does not provide sufficient factual matter to state its claim for Bad Faith Breach of Contract. A claim for bad faith breach of contract requires that the obligor "intentionally and maliciously fail[ ] to perform his obligation." La. Civ. Code art. 1997, Revision Comment (b). Bad faith is not "mere bad judgment or negligence[;] it implies the conscious doing of a wrong for dishonest or morally questionable motives." *Volentine v. Raeford Farms of La., LLC*, 201 So. 3d 325, 338 (La. App. 2 Cir. 2016). While HHE/XH alleges that LHTE "breached its duty of good faith and acted in bad faith," it does not allege that the breach was malicious, i.e., that LHTE intended to harm them or had some other "dishonest or morally questionable motive[ ]." Thus, HHE/XH has failed to state a plausible claim for bad faith breach of contract. *See Hi-Tech Elec., Inc. of Del. v. T&B Constr. & Elec. Servs., Inc.*, 2018 WL 2268168, at *7 (E.D. La. May 17, 2018) (dismissing bad faith breach of contract claim when the plaintiff alleged the defendant intentionally breached an agreement and misrepresented the reasons for doing so, but did not allege that the defendant had any malicious or morally questionable motives); *cf.*

*Volentine*, 201 So. 3d at 348 (affirming trial court's finding of bad faith breach when evidence suggested defendant "singled [the plaintiff] out," was "angry with him, and pursued a pattern of wrongdoing against" him).

As previously stated, based on Defendants' request that they be allowed to amend their Counterclaims, the Court will recommend that Wagner be allowed to amend its detrimental reliance claim and HHE/XH be allowed to amend its bad faith breach of contract claim.[5] Based on HHE/XH's representation that it did not intend to bring a negligence claim against LHTE, HHE/XH's amended bad faith claim is to clearly indicate there is no negligence claim.

## IV. CONCLUSION

Based on the foregoing, the Court recommends that the Motions to Dismiss [Rec. Doc. 56, 57] filed by LHTE be **GRANTED IN PART**, and Defendants' Counterclaims for Declaratory Judgment, Wagner's alternative Counterclaim for Detrimental Reliance and HHE/XH's alternative Counterclaim for Bad Faith Breach of Contract be **dismissed without prejudice** allowing them to amend those claims **within 21 days** of the district judge's ruling on this Report and Recommendation; and **DENIED IN PART** as to Defendants' Counterclaims for Breach of Contract and HHE/XH's Counterclaim for Detrimental Reliance.

---

[5] Contrary to LHTE's contention in its Reply brief, *R. 69, p. 8*, HHE/XH stated, "In the event the Court does not determine that HHE and XH have sufficiently pled a bad faith claim, HHE and XH respectfully request leave to amend the Complaint to state a bad faith claim." *R. 63, p. 8*.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

SIGNED this 14th day of February, 2019 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE